IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JENAIL WILSON** and **BOBBY GARRIN,**
*Individually, and on behalf of themselves and others similarly situated*

      Plaintiffs,

      v.                                                            Case No. _____

**O'C ON CALL SECURITY PLLC**                    FLSA 216(b) Action
and **DARIN GRAHAM,** Individually               RULE 23 Class Action
                                                 JURY DEMANDED

      Defendants.

---

## ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT

---

Named Plaintiffs, Jenail Wilson and Bobby Garrin ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former security guards, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against O'C On Call Security PLLC and Daren Graham, individually ("Defendants") and state as follows:

### I.    NATURE OF SUIT

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiffs and other similarly situated security guards who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendants during all times material.

2. This lawsuit also is brought as a Fed. R. P. 23 class action, alleging unjust enrichment claims under Tennessee common law.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed work for Defendants in this district during all times material herein. In addition, Defendants have conducted business in this district during all times material.

## III. PARTIES

6. Defendant, O'C On Call Security PLLC, is a Tennessee professional limited liability company with its principal address located at 2384 Carroll Ridge Lane, Cordova, Tennessee 38016. Defendant's registered agent for service of process is: Daren Graham, 2384 Carroll Ridge Lane, Cordova 38016.

7. Defendant, Darin Graham, is an owner of O'C On Call Security, PLLC, and has been responsible for the implementation and administration of the pay policies and practices of the company during all times material to this action.

8. As such, Defendant Graham is jointly and individually liable to Plaintiffs and those similarly situated for all FLSA violations addressed herein. He may be served process at 2384 Carroll Ridge Lane, Cordova 38016.

9. Plaintiff, Jenail Wilson, is an adult citizen of the United States and was employed as a security guard by Defendants during all times relevant to this action. Plaintiff Wilson's "Consent to Join" is attached as *Exhibit A*.

10. Plaintiff, Bobby Garrin, is an adult citizen of the United States and was employed as a security guard by Defendants during all times relevant to this action. Plaintiff Garrin's "Consent to Join" is attached as *Exhibit B*.

## IV.   COVERAGE

11. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

12. During all time material, Defendants have earned more than $500,000.00 per year in gross sales.

13. Defendants have employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce during all times material.

14. In addition, Plaintiffs and those similarly situated have also engaged in interstate commerce on behalf of Defendants during all times material.

15. Thus, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V.   FACTUAL ALLEGATIONS

16. Defendants provide security services to customers in and around Memphis, Tennessee.

17. Plaintiffs and those similarly situated were employed as security guards for Defendants

during all times material.

18. Defendants have had a time keeping system to record the compensable work hours of Plaintiffs and those similarly situated during all times material to this action.

19. Plaintiffs and those similarly situated performed work for Defendants in excess of 40 hours per week within weekly pay periods during all times material to this Complaint.

20. However, Defendants have had a common policy and practice of failing to pay Plaintiffs and those similarly situated the applicable FLSA minimum wage (straight time) and overtime compensation rates of pay for all hours worked within weekly pay periods during all times material herein.

21. Defendants only paid Plaintiffs and those similarly situated regular hourly rates of pay for hours performed in excess of 40 hours per week within weekly pay periods instead of one and one-half times such regular hourly rates of pay for such overtime hours.

22. Moreover, Defendants either failed to record all the compensable hours of work performed by Plaintiffs and those similarly situated into their timekeeping system or "edited" some of their compensable time out of their timekeeping system, without compensating them for such hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times relevant to this action.

23. In addition, Defendants had a common plan, policy and practice of requiring, imposing, demanding, expecting and/or suffering and permitting Plaintiffs and those similarly situated to perform work without being clocked-in to their timekeeping system - including, but not limited to, such "off the clock" work as:

    (A) Performing work during rest and meal breaks of less than 20 minutes without

    being paid at least the applicable FLSA minimum wage and overtime compensation rates of pay for such "off the clock" time within weekly pay periods during all times material;

(B)  Being required to stay on the job past the ending of their scheduled shifts when relief security guards failed to report to work on time without being paid at least the applicable FLSA minimum wage and overtime compensation rates of pay for such "off the clock" stay-over time within weekly pay periods during all times material; and

(C)  Training other security guards without being paid at least the applicable FLSA minimum wage and overtime compensation rates of pay for such "off the clock" training time within weekly pay periods during all times pertinent.

24. In addition, Plaintiff and other Rule 23 class members were required by Defendants to purchase gasoline, tires, etc. without being reimbursed for their expenses related to such purchases.

25. As a result, Defendants unjustly enriched themselves by failing to reimburse Plaintiffs those similarly situated for such vehicle related purchases.

26. Defendants knew, and were aware at all relevant times, it was not compensating Plaintiff and those similarly situated for all their work hours at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material.

27. Defendant also knew, and were aware at all relevant times, they did not reimburse Plaintiffs and other Rule 23 class members for their expenses related to their purchases of gasoline, etc. on behalf of Defendants.

28. Plaintiffs were terminated from their employment with Defendants when they complained that they were not being paid for their straight and overtime hours of work in a timely manner.

29. Defendants willfully and, with reckless disregard to established FLSA compensation requirements, failed to pay Plaintiffs and those similarly situated the applicable FLSA minimum (straight) wage and overtime compensation rates of pay owed to them within weekly pay periods during all times relevant herein.

30. Defendants do not have a good faith basis for their violations of the FLSA.

31. Defendants failed to keep timely and accurate pay records of Plaintiffs and those similarly situated as is required by the FLSA.

32. The unpaid wage claims of Plaintiffs and those similarly situated are unified through common theories of Defendants' FLSA violations.

33. As a result of Defendants' willful failure to pay Plaintiff and those similarly situated in compliance with the applicable FLSA minimum (straight time) wage and overtime compensation requirements of the FLSA, they have suffered lost compensable wages as well as other damages.

34. Defendants' scheme of failing to compensate Plaintiffs and similarly situated employees for all their compensable minimum (straight time) wage and overtime compensation was to save payroll costs and payroll taxes.

35. Consequently, Defendants have unjustly enriched themselves and enjoyed ill gained profits at the expense of Plaintiffs and others similarly situated.

### VI.   RULE 23 CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this Fed. R. Civ. P. 23 class action on behalf of themselves and other Rule 23 class members to recover the costs and expenses related to purchasing gasoline and

other items for Defendants' vehicles, as previously described.

37. Specifically, Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of themselves and the following Rule 23 class members:

> All security guards who were employed by Defendants in the State of Tennessee during the past three years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed to them by Defendant (the "Rule 23 class").

38. Defendants failed and refused to reimburse Plaintiff and other Rule 23 class members for their expenses related to the purchases of gasoline and other items for Defendants' vehicles, as previously addressed.

39. Defendants unjustly enriched themselves by their failure to reimburse Plaintiffs and other Rule 23 class members for their expenses related to the purchases of gasoline and other items for Defendants' vehicles.

40. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

41. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether Defendants unjustly enriched themselves by failing to reimburse Plaintiffs and other Rule 23 class members for their expenses related to the purchases of gasoline and other items for Defendants' vehicles; and

    (b) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiffs and the Rule 23 class members for such injury.

42. Plaintiffs' claims are typical of Rule 23 class claims, as alleged herein.

43. Plaintiffs' claims and those of the members of the Rule 23 class arose from the same actions or inactions of Defendants herein and the claims are based on the same legal theories.

44. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

45. Plaintiffs are adequate class representatives.

46. Plaintiffs' unjust enrichment claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

47. Plaintiffs and Rule 23 class members were subject to the same unlawful practices of Defendants in their failure to reimburse them for their expenses related to the purchases of gasoline and other items for Defendants' vehicles.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

49. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

50. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in

a significant savings.

51. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

52. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

53. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

54. Plaintiffs have engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unpaid wage claims of themselves and other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses much of its practice on wage and hour claims under the FLSA and state laws.)

55. The law firm has represented numerous other employees asserting unpaid wage claims.

56. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by Plaintiffs and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

57. While the exact number of Rule 23 class members are unknown at this time and can be accessible via discovery, Plaintiffs believe there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

58. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

## VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

59. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

60. Plaintiffs seek to send notice to the following similarly situated current and former hourly-paid security guards of Defendants, to wit:

> All security guards who were employed by Defendants in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "potential plaintiffs").

61. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

62. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

63. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendants' unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

64. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum (straight time) wages and overtime compensation owed to them as a result of Defendants' unlawful practices.

65. In addition, Plaintiffs and potential plaintiffs to this action are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

66. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs to this action as their interests are aligned with the interest of each such potential plaintiffs.

67. Plaintiffs have no interests adverse to the interest of potential plaintiffs to this action.

68. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff action litigation.

69. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

70. Plaintiffs and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

71. Plaintiffs incorporate by reference all preceding paragraphs as fully as if rewritten herein.

72. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly

deprived of the minimum wages and overtime compensation owed to them as a result of Defendant's unlawful practices, as previously described.

73. Defendants' failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

74. Defendants' common practice of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

75. Defendants have had actual knowledge of their failure to pay Plaintiffs and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

76. Defendants' conduct, as described herein, was willful with reckless disregard of clearly established FLSA compensation requirements.

77. Defendants' violations were without a good faith basis.

78. Plaintiffs and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendants: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

79. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

80. Plaintiffs assert an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to reimburse Plaintiffs and those similarly situated for their expenses

related to the purchases of gasoline and other items for Defendants' vehicles, as previously described.

81. Defendants unjustly enriched themselves by their failure to reimburse Plaintiff and other Rule 23 class members for their expenses related to the purchases of gasoline and other items for Defendants' vehicles.

82. Defendants were aware they failed to reimburse Plaintiff and other Rule 23 class for their expenses related to the purchases of gasoline and other items for Defendants' vehicles.

83. Defendants' failure to reimburse Plaintiffs and other Rule 23 class members for their expenses related to the purchases of gasoline and other items for Defendants' vehicles. made it inequitable.

## COUNT III
## PLAINTIFF JENAIL WILSON'S FLSA RETALIATION CLAIM

84. Plaintiff, Jenail Wilson, incorporates by reference all preceding paragraphs as fully as rewritten herein.

85. Plaintiff Wilson was unlawfully discharged from her employment with Defendants in retaliation for complaining about not receiving her straight and overtime compensation.

86. However, Defendants took no action to address her complaints.

87. Instead, Defendants summarily terminated her employment in retaliation for voicing such complaints.

88. Plaintiff Wilson's complaints to Defendants about not receiving her straight and overtime compensation was a protected activity under 29 U.S.C. § 215(a)(3).

89. Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Wilson's employment in retaliation for her engaging in activity protected under the FLSA.

90. Defendants had no other basis to terminate Plaintiff Wilson's employment but for her exercising her protected rights under 29 U.S.C. § 215(a)(3)

91. Plaintiff Wilson's termination of employment was causally connected to her protected activity in that she was discharged from her employment almost immediately after complaining to Defendants about not receiving her straight and overtime pay.

92. Defendants were aware of Plaintiff Wilson's protected activity before terminating her employment.

93. As a result of her unlawful termination Plaintiff Wilson has suffered monetary damages (lost wages both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

94. Defendants' conduct was willful and in reckless disregard of clearly established FLSA provisions.

## COUNT IV
## PLAINTIFF BOBBY GARRIN'S FLSA RETALIATION CLAIM

95. Plaintiff, Bobby Garrin, incorporates by reference all preceding paragraphs as fully as rewritten herein.

96. Plaintiff Garrin was unlawfully discharged from his employment with Defendants in retaliation for complaining about not receiving his straight and overtime compensation

97. However, Defendants took no action to address his complaints.

98. Instead, Defendants summarily terminated his employment in retaliation for voicing such complaints.

99. Plaintiff Garrin's complaints to Defendants about not receiving his straight and overtime compensation was a protected activity under 29 U.S.C. § 215(a)(3).

100. Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Garrin's employment in retaliation for his engaging in activity protected under the FLSA.

101. Defendants had no other basis to terminate Plaintiff Garrin's employment but for his exercising his protected rights under 29 U.S.C. § 215(a)(3)

102. Plaintiff Garrin's termination of employment was causally connected to his protected activity in that he was discharged from his employment almost immediately after complaining to Defendants about not receiving his straight and overtime pay.

103. Defendants were aware of Plaintiff Garrin's protected activity before terminating his employment.

104. As a result of his unlawful termination Plaintiff Garrin has suffered monetary damages (lost wages both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

105. Defendants' conduct was willful and in reckless disregard of clearly established FLSA provisions.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated

        damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C.    For an Order finding that Defendants' violations of the FLSA were willful;

D.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiffs and potential plaintiffs;

E.    For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F.    An award of damages to Plaintiffs and Rule 23 class members for Defendants' unjust enrichment.

G.    An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and Rule 23 class members;

H.    A ruling that Plaintiff Bobby Garrin was unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3);

I.    An award of legal and equitable damages to Plaintiff Garrin for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.;

J.    An award of liquidated damages to Plaintiff Garrin for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3);

K.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff Garrin;

L.    A ruling that Plaintiff Jenail Wilson was unlawfully terminated from her employment in violation of 29 U.S.C. § 215(a)(3);

M.    An award of legal and equitable damages to Plaintiff Wilson for being unlawfully

terminated from her employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.;

N.   An award of liquidated damages to Plaintiff Wilson for being unlawfully terminated from her employment in violation of 29 U.S.C. § 215(a)(3);

O.   An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff Wilson; and

P.   Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Date: January 6, 2026.                              Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS AND FOR OTHERS SIMILARLY SITUATED***